THE STATE OF OHIO, APPELLEE, *v.* ARTIS, APPELLANT.

(No. C-880113 — Decided March 8, 1989.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *William E. Breyer,* for appellee.

*Barry D. Levy,* for appellant.

*Per Curiam.* The defendant-appellant, William Artis, was charged with two counts of endangering children. He filed a motion to dismiss the charges, which the trial court denied. The defendant then entered a no-contest plea. The trial court convicted the defendant as charged.

On the evening of May 12, 1987, the defendant took his daughter, Ann, to the basement of his house. At that time, Ann was ten years old. While in the basement, the defendant tied Ann's arms and legs, secured her to a pole, placed a stocking in her mouth, and spanked her with a paddle. Ann suffered severe bruising on her buttocks and experienced difficulty sitting for several days. She also had red marks on her arms and legs from the rope the defendant used to restrain her. The defendant maintained that his daughter had a behavior problem and that he needed to discipline her.

On appeal, the defendant contests the constitutionality of the child endangering statutes under which he was convicted and the weight of the evidence supporting his conviction. We find no merit in the defendant's arguments and, therefore, we affirm the judgment of the trial court.

In his first assignment of error, the defendant contends that the trial court improperly denied his motion to dismiss. The defendant argues that the child endangering statute under which he was charged is unconstitutionally vague, indefinite and overbroad. We disagree.

R.C. 2919.22(B) provides, in pertinent part, as follows:

"(B)  No person shall do any of the

following to a child under eighteen years of age * * *:

"* * *

"(2) Torture or cruelly abuse the child;

"(3) Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child[.] * * *"

The defendant argues that these sections of R.C. 2919.22 fail to clearly define the conduct which they proscribe. Specifically, the defendant maintains that the phrases "[t]orture or cruelly abuse" and "cruel manner" render the statute unconstitutionally vague.

A statute must be sufficiently clear in defining the activity proscribed so that it informs those who are subject to it what conduct on their part will render them liable to its penalties. *Columbus* v. *Thompson* (1971), 25 Ohio St. 2d 26, 54 O.O. 2d 162, 266 N.E. 2d 571. A statute which forbids the doing of an act in terms so vague that people of common intelligence must necessarily guess at its meaning violates that person's right to due process of law. *Id.*, citing *Connally* v. *General Construction Co.* (1926), 269 U.S. 385. Therefore, the inquiry about whether a statute is impermissibly vague is whether ordinary people understand what conduct is prohibited. *State* v. *Hayes* (Jan. 21, 1987), Hamilton App. No. C-850075, unreported.

We find that the phrases "[t]orture or cruelly abuse" and "cruel manner" as used in R.C. 2919.22(B)(2) and (3) are such that a person of ordinary sensibilities and intelligence should be capable of ascertaining their meaning and abiding by the proscriptions of the statute. We, therefore, hold that R.C.

2919.22(B)(2) and (3) are not unconstitutionally vague or overbroad. The first assignment of error is without merit.

In his next three assignments of error, the defendant maintains that the evidence is insufficient to establish his guilt of child endangering. The test to determine the sufficiency of the evidence is whether reasonable minds can reach different conclusions on the question of whether each element of an offense has been proven beyond a reasonable doubt. See *State* v. *Thomas* (1982), 70 Ohio St. 2d 79, 24 O.O. 3d 150, 434 N.E. 2d 1356; *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132.

The facts presented to the trial court indicate that the defendant tied his daughter's arms and legs, and then tied her arms to a ceiling beam and her legs to a pole. He then stuffed a stocking in her mouth. The defendant then lifted his daughter's nightgown and beat her with something resembling a Ping-Pong paddle. Ann, the daughter, suffered severe bruising to her buttocks and red marks from the rope used to tie her arms and legs. She experienced difficulty sitting down for several days.

Although the acts of the defendant did not result in permanent injury to his child, they did result in severe bruising and difficulty in sitting. We find that this evidence supports the trial court's finding of serious physical harm. The second assignment of error is without merit.

The totality of the evidence supports the trial court's finding that the defendant administered physical disciplinary measures and physically restrained the child in a cruel manner, that this discipline and restraint were excessive under the circumstances, and created a substantial risk of serious physical harm to the child pur-

suant to R.C. 2919.22(B)(3). The third assignment of error lacks merit.

These facts also support the trial court's finding that the defendant cruelly abused his daughter pursuant to R.C. 2919.22(B)(2). The last assignment of error is also without merit.

We affirm the judgment of the trial court.

*Judgment affirmed.*

SHANNON, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.