**Singer v. Cincinnati**
*[Cite as 2 AOA 35]*

*Case No. C-890060*
*Hamilton County, (1st)*
*Decided April 25, 1990*

14th Amend. U.S. Const.
R.C. 955.11
R.C. 955.22
R.C. 955.22.1

Allen Brown, Esq., 11047 Jenkins Place, Sharon-ville, Ohio 45241, for Plaintiffs Appellants,

Richard A. Castellini, City Solicitor, and William Gustavson, Esq., Room 214, City Hall, 301 Plum Street, Cincinnati, Ohio 45202, for Defendants-Appellees.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the briefs and the argument of appellees' counsel.

In January 1987. council members for defendant-appellant, The City of Cincinnati (City), enacted an ordinance forbidding the "owning," "keeping," or "harboring" of pit bull terriers in Cincinnati. Plaintiffs-appellants, Rochelle Singer and Richard Foreman, owners and breeders of registered American Staffordshire Terriers, a type of bull specifically banned by the ordinance, sought a declaratory judgment and a permanent injunction against the named defendants and challenged the constitutionality of the ordinance.

A hearing ensued. On the basis of the evidence and the testimony and arguments presented by both sides, the trial court upheld the constitutionality of the ordinance.

The ordinance at issue, Cincinnati Municipal Code Section 701-24, states:

"No person shall own, keep, or harbor a pit bull terrier, as defined herein, within the municipal limits of Cincinnati.

"Pit bull terrier" as used herein is hereby defined as any Staffordshire Bull Terrier or American Staffordshire Terrier breed of dog, or any mixed breed of dog which contains as an element of its breeding the breed of Staffordshire Bull Terrier or American Staffordshire Terrier as to be identifiable as partially of the breed of Staffordshire Bull Terrier or American Staffordshire Terrier.

"This section is a necessary control to eliminate the risk of attack by pit bulls, as defined herein, on human beings in the city which has become a threat to the health, safety and welfare of the public in all areas of the city; and the lack of knowledge or lack of intent is not a defense to any violation thereof."

Under their first assignment of error, appellants assert equal-protection and due-process violations, alleging that the ordinance is an arbitrary, capricious, and unreasonable exercise of the police power and is intrinsically overbroad. Appellants specifically contend that the stature is arbitrary because it provides for "total banning" as opposed to constraint or regulation, and because it deprives owners of their dogs based solely upon the dog's breed rather than upon proof of a vicious propensity. Appellants also urge that the ordinance is unreasonable because it violates procedural due-process guarantees by denying the owners a hearing in connection with what amounts to the deprivation of their property right in the ownership of the dogs.

Where, as here, a police-power regulation does not affect a fundamental right or classify people based on suspect categories, the test to determine its constitutionality, under both an equal-protection and due-process analysis, is whether the statute bears a rational relationship to a legitimate state interest. *Ohio Bureau of Employment Services v. Hodory* (1977), 431 U.S. 471, 97 S. Ct. 1898; *Holloway v. Brown* (1980), 62 Ohio St. 2d 65, 403 N.E.2d 191; *Vanater v. Village of South Point* ( S.D. Ohio 1989), 717 F. Supp. 1236.

Any discussion of the constitutionality of a legislative enactment must begin with the premise that all legislative enactments enjoy a strong presumption of constitutional validity. *South Euclid v. Jamison* (1986), 28 Ohio St. 3d 157, 503 N.E.2d 136; *State v. Robinson* (1989), 44 Ohio App. 3d 128, 541 N.E.2d 1092. A party challenging a public-safety law must prove by clear and convincing evidence that the legislative enactment is unconstitutional. *Hilton v. Toledo* (1980), 62 Ohio St. 2d 394, 405 N.E.2d 1047.[1]

The record indicates that prior to the enactment of the ordinance in question the City has several laws in effect which regulated pit-bull ownership. One regulation required pit-bull and other vicious-dog owners to confine their dogs indoors or to secure them outdoors in an enclosed pen. Another ordinance banned the sale of pit bulls within the city limits. In 1984, a resolution to ban pit bulls was defeated by city council. However, in May 1986, the resolution was reintroduced, and ultimately passed, in response to

a pit bull's attack on a nine-year-old boy, and to the allegedly numerous complaints council received regarding the ineffectiveness of the regulation of pit bulls under the existing vicious-dog ordinance. At the hearing regarding the ordinance's constitutionality, the trial court was presented with evidence which established that the specific breeds targeted by the statute possess inherent characteristics of aggression, strength, vicious-ness and unpredictability not found in other dog breeds. The evidence indicated that, unlike other breeds which retreat if they are injured in a fight or an attack, a pit bull will often bite, clamp down with its powerful jaw, and maintain its hold until separated from its victim.

The evidence also indicated that the pit bull is an exceptionally strong and athletic dog which requires extra-ordinary measures for confine-ment (*e.g.*, six-foot-high enclosed fences). Pit bulls have exceptionally strong bites and have been known to destroy sheet-metal panels by ripping them apart with their teeth. Moreover, the evidence submitted by the City illustrated numerous cases of severe maulings and deaths that have occurred in Cincinnati as a result of pit-bull attacks, and attributed the majority of fatal dog attacks nationwide to pit bulls.

Plaintiffs-appellants offered evidence to the effect that training and human intervention are more significant than genetics in determining the behavioral propensities of a dog, and that pit bulls are affectionate, loyal, and gentle dogs. Other testimony and data attempting to refute the City's evidence was likewise introduced.

The contradictory evidence notwithstanding, we conclude that the ordinance at issue does not violate equal-protection or due-process guarantees under a "rational basis" test. The City's previous attempt to protect its citizens against pit-bull attacks through legislation which regulated and constrained the possession of these dogs was ineffective, resulting in council's ultimate decision to ban pit bulls entirely in Cincinnati. The trial court's finding that pit bulls posed a special danger to humans was supported by competent evidence, and it correctly concluded that the ordinance *sub judice* was not an arbitrary or irrational act of legislation, but was instead reasonably related to the City's interest in protecting the health and safety of its residents. The first assignment of error is overruled.

Appellants' second assignment of error contends that the trial court erred by finding that they lacked standing to assert a "void for vagueness" argument. We disagree.

The essence of the vagueness doctrine is notice. See *Garcia v. Tijeras* (N.M. App. 1988), 108 N.M. 116, 767 P.2d 355. An ordinance must be sufficiently clear in defining the activity proscribed so that it informs those who are subject to it what conduct on their part will render them liable to its penalties. *Columbus v. Thompson* (1971), 25 Ohio St. 2d 26, 266 N.E.2d 571; *State v. Artis* (1989), 46 Ohio App. 3d 25, 545 N.E.2d 925. A law which forbids the doing of an act in terms so vague that people of ordinary intelligence must guess at its meaning violates that person's right to due process of law. *Connally v. General Constr. Co.* (1926), 269 U.S. 385, 46 S. Ct. 126; *South Euclid v. Richardson* (1990), 49 Ohio St. 3d 147, ___ N.E.2d ___.

In the case *sub judice*, appellants stipulated to ownership of registered American Staffordshire Terriers, a pit-bull breed explicitly banned by the ordinance. It is clear, then, that appellants had notice that their possession of these dogs was proscribed by the ordinance. One to whose conduct a law clearly applies does not have standing to challenge the law for vagueness. *Parker v. Levy* (1974), 417 U.S. 733, 94 S. Ct. 2547.

Moreover, appellants' argument that the statute is vague as applied to owners of mixed-breed dogs and/or to those who do not possess knowledge that their dogs may be identified as a type of pit bull explicitly banned by the ordinance must likewise fail. "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to others." *Village of Hoffman Estates v. The Flipside, Hoffman Estates Inc.,* (1982), 455 U.S. 489, 495, 102 S. Ct. 1186, 1191. Appellants' second assignment of error is overruled.

*Judgment affirmed.*

DOAN, P.J., UTZ and GORMAN, JJ.

---

[1] The determination of whether a classification has a rational basis under an equal-protection analysis depends upon whether any state of facts, either known or which can reasonably be assumed, supports the classification. If the question is at least debatable the decision is legislative and the classification will be upheld. *United States v. Carolene Products Co.* (1938), 304 U.S. 144, 58 S. Ct. 778. Only where it is clear beyond doubt that a legislative classification is without any rational basis will a court reject the classification.