**CITY OF CINCINNATI, ex rel. PATCHELL et al., Appellants,**

**v.**

**CITY OF CINCINNATI, Appellee.**

[Cite as *Cincinnati ex rel. Patchell v. Cincinnati* (1991), 71 Ohio App.3d 395.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900066.

Decided March 20, 1991.

*Manley, Burke & Fischer, Timothy M. Burke* and *Sally L. Cremeens–Strong,* for appellants.

*Richard A. Castellini,* City Solicitor, and *James F. McCarthy III,* for appellee.

*Per Curiam.*

This cause came on to be heard upon an appeal from the Hamilton County Court of Common Pleas.

The plaintiffs/relators-appellants ("plaintiffs") have taken the instant appeal from the order of the lower court which overruled their motion for summary judgment and granted the motion for summary judgment filed by the defendant/respondent-appellee ("defendant"). The judgment of the trial court is affirmed.

In April 1988, the plaintiffs began preparations to open a retail establishment for the sale of hunting and fishing equipment at 3018 Harrison Avenue

in Cincinnati, Ohio. These preparations included entering into a written lease agreement for a building located at that address, purchasing building materials and fishing supplies and securing a building permit. On April 19, 1988, two ordinances, Nos. 127–1988 and 128–1988, were introduced before the Cincinnati City Council Law and Public Safety Committee for its consideration. Ordinance No. 127–1988 provided in pertinent part that:

"No person shall sell guns, ammunition, hunting knives or other dangerous weapons at any retail establishment within 1000 feet of the boundary of a parcel of real estate upon which a school is located.

"As used herein the word 'school' means an accredited public or private educational institution for one or more of the grades kindergarten through the twelfth grade." [1]

The material portion of Ordinance No. 128–1988 stated that "[w]hoever violates any provision of * * * Section 708–33 shall be fined not more than $500 or imprisoned not more than six months or both." [2] It is undisputed that plaintiffs' proposed business was within one thousand feet of Westwood Elementary School.

After reviewing the terms of the ordinances, the Law and Public Safety Committee recommended passage. On April 20, 1988, the plaintiffs were issued a vendor's license by the state of Ohio for their proposed business, Cincinnati Guns and Tackle. In addition, on that day they submitted an application to the treasury division of the city of Cincinnati for a license to engage in the retail sale of shotguns and rifles. Also on that day, city council convened to consider passage of the ordinances at issue and after much debate on the matter, the ordinances were indeed enacted.

The plaintiffs subsequently initiated the instant suit, individually and as taxpayers of the city of Cincinnati, seeking declaratory judgment and requesting that the city be enjoined from enforcing the ordinances in question. The trial court granted the defendant's motion for summary judgment and overruled the plaintiffs' motion for summary judgment. The plaintiffs filed this timely appeal, alleging in their sole assignment of error that the trial court erred in overruling their motion for summary judgment and granting the defendant's motion for summary judgment.

---

1. At the time of the instant dispute, this language became part of Cincinnati Municipal Code Section 708–33. Several months later, it was revised and ultimately renumbered as Cincinnati Municipal Code Section 708–35 by ordinance No. 486–1988.

2. This language reflected the codified version of Cincinnati Municipal Code Section 708–99–A as enacted on April 20, 1988. The provision was revised by Ordinance No. 485–1988, so that the maximum fine for violating Cincinnati Municipal Code Section 708–35 is now $1,000.

■ The plaintiffs argue, initially, that they were denied procedural due process of the law when city council enacted the ordinances at issue without first providing them with notice and the opportunity to be heard. Specifically, the plaintiffs contend that they were deprived of a property right because the enactment of the ordinances at issue extinguished their ability to engage in the retail sale of rifles and shotguns and, thus, to conduct their business. We find no merit in this assertion.

■ "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548, 556. In determining whether the application of such requirements in a particular case is proper, a court must examine the nature of the interest at stake. *Id.* "The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits." *Id.* at 576, 92 S.Ct. at 2708, 33 L.Ed.2d at 560.

In the instant case, the plaintiffs had not "acquired" the right or entitlement to engage in the sale of dangerous weapons at their particular location, since at the time the ordinances were enacted, their application for a license to sell various firearms was pending before the treasury division of the city of Cincinnati and had not yet been approved. We are mindful that the plaintiffs expended a great deal of time and money in preparing to commence their business; however, we are not convinced that these acts, standing alone, constitute a property right.

■ The plaintiffs next argue that Ordinance No. 127–1988 is unconstitutionally vague in that it fails to define adequately its subject matter or the persons to whom it applies.

It is clear that "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy* (1974), 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439, 458; see, also, *Singer v. Cincinnati* (1990), 57 Ohio App.3d 1, 566 N.E.2d 190.

In the instant case, it is undisputed that the property at issue was within one thousand feet of Westwood Elementary School and that the plaintiffs had intended to sell shotguns, rifles and hunting knives at that site. The plaintiffs' anticipated conduct, therefore, was clearly proscribed by the terms of the ordinance. Accordingly, their contention that the ordinance is unconstitutionally vague must fail.

■ The plaintiffs further claim that Ordinance No. 127–1988 is not rationally related to a legitimate state interest and is, pursuant to various provisions of the Ohio Constitution, a violation of equal protection under the law.

In *New Orleans v. Dukes* (1976), 427 U.S. 297, 304, 96 S.Ct. 2513, 2516–2517, 49 L.Ed.2d 511, 517, the United States Supreme Court stated that:

"Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest. States are accorded wide latitude in the regulation of their local economies under their police powers, and rational distinctions may be made with substantially less than mathematical exactitude."

The ordinance at issue affects only property interests and therefore does not restrict a fundamental right or focus upon a suspect class. Thus, the ordinance is subject only to the requirement that its restrictions be rationally related to a legitimate state interest. Clearly, city council had a legitimate interest in adopting the regulation at issue—to shield children from exposure to dangerous weapons. We conclude that prohibiting the sale of dangerous weapons in the immediate vicinity of a school is rationally related to that legitimate interest.

Accordingly, we hold that no genuine issues of material fact remain to be litigated in this case and that the defendant is entitled to judgment as a matter of law.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., HILDEBRANDT and GORMAN, JJ., concur.