**CITY OF CLEVELAND, Appellee,**

**v.**

**ISAACS, Appellant.**

[Cite as *Cleveland v. Isaacs* (1993), 91 Ohio App.3d 360.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63532.

Decided Nov. 1, 1993.

*Barbara Danforth,* Chief Prosecutor, and *Russell R. Brown III,* Assistant City Prosecutor, for appellee.

*Louis H. Orkin,* for appellant.

*Per Curiam.*

This is an appeal of defendant-appellant Bernard Isaacs's conviction under Cleveland Codified Ordinance 431.34(c) for operating a motor vehicle without giving his full time and attention to its operation.

On December 30, 1991, at approximately 11:43 a.m., appellant was travelling west on Interstate 90 to a luncheon date on West 117th Street. Appellant was

using a cellular phone and, while hanging it up, he mistakenly began to exit at West Boulevard. When he realized his error, he weaved to re-enter the interstate. No interference or contact was made with any other vehicle.

An officer of the Cleveland Police Department witnessed the appellant driving on the interstate and stopped him for weaving across the curb and center lines of traffic. Appellant was charged with violation of Cleveland Codified Ordinance 431.34(c) for operating a motor vehicle without giving his full time and attention to its operation. A bench trial was held and appellant was found guilty. Appellant timely appeals, raising three assignments of error:

"I

"The court's finding that appellant was guilty of operating a motor vehicle without giving his full time and attention to the operation of such vehicle in violation of Cleveland Codified Ordinances Section 431.34(c) was against the manifest weight of the evidence."

According to Cleveland Codified Ordinance 431.34:

"(c) No person shall operate a motor vehicle or motorcycle without giving his full time and attention to the operation of such vehicle. (Ord. No. 1684–76. Passed 6–29–76, eff. 7–6–76)"

The applicable standard of appellate review for manifest weight is found in *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503:

"Proceeding to consider the proper standard of appellate review, where the evidence is either circumstantial or direct, we conclude that the relevant inquiry on appeal is whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. In other words, an appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Eley* [ (1978) 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132], *supra*. Thus, *in reviewing both weight and sufficiency of the evidence, the same test is applied. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of facts. Jackson v. Virginia* [ (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560], *supra*. It must be kept in mind by the appellate court that the jury heard all of the evidence and was instructed as to the law and as a result found the accused guilty beyond a reasonable doubt. Moreover, the relevant inquiry does not involve how the appellate court might interpret the evidence. Rather, *the inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have*

*found the essential elements of the crime proven beyond a reasonable doubt. Id.,* 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573–574." (Emphasis added.)

■ In this case, the manifest weight of the evidence supports a finding of guilt against appellant for violation of Cleveland Codified Ordinance 431.34(c). At trial, the Cleveland police officer offered direct testimony as to the manner in which appellant was operating his vehicle. The officer testified that appellant was driving erratically and crossing the center and curb lines of traffic, all the while using his cellular phone. Based on such evidence, it is clear that the reasonable trier of fact could have found appellant guilty beyond a reasonable doubt. Thus, this court will not reverse the verdict where the trier of fact could reasonably conclude the offense was proven beyond a reasonable doubt.

Appellant's first assignment of error is overruled.

"II

"It was plain error to find defendant guilty of operating a motor vehicle without giving his full time and attention to the operation of such vehicle in violation of Cleveland Codified Ordinances Section 431.34(c) where Ordinance 431.34(c) is in conflict with R.C. 4211.202 [*sic*] relating to the same subject."

Pursuant to R.C. 4511.202:

"No person shall operate a motor vehicle, trackless trolley, or streetcar on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle, trolley, or streetcar."

Section 3, Article XVIII of the Ohio Constitution grants municipalities the power "to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws." *Fondessy Ent., Inc. v. Oregon* (1986), 23 Ohio St.3d 213, 215, 23 OBR 372, 374, 492 N.E.2d 797, 800. Furthermore:

"Under the general concept of preemption, a local ordinance is valid if it is consistent with the related state statute. The query is whether the local regulation complements the statute.

"In determining if a municipal ordinance is in conflict with a general state statute, 'the test is whether the ordinance permits or licenses that which the state forbids and prohibits, and vice versa.'" *Weir v. Rimmelin* (1984), 15 Ohio St.3d 55, 57, 15 OBR 151, 153, 472 N.E.2d 341, 344, citing *Struthers v. Sokol* (1923), 108 Ohio St. 263, 140 N.E. 519, at paragraph two of the syllabus.

■ Thus, where state and local regulations concerning unlawful conduct do not conflict, the state and municipality have concurrent authority under the police power to enforce their respective directives inside the corporate limits of the city.

*Weir, supra.* Moreover, it has long been recognized that a state statute and municipal ordinance have the same force and effect within city limits. *Id.*, citing *Schell v. DuBois* (1916), 94 Ohio St. 93, 113 N.E. 664.

■ In the case *sub judice,* appellant contends that Cleveland Codified Ordinance 431.34(c) conflicts with R.C. 4511.202. Under C.C.O. 431.34(c), the applicable standard is full time and attention, whereas R.C. 4511.202 requires reasonable control. Appellant asserts that full time and attention is a more stringent standard than reasonable control, and therefore renders C.C.O. 431.34(c) invalid because it, in effect, prohibits that which the state statute permits.

We find appellant's contention to be without merit. The standards set forth in C.C.O. 431.34(c) and R.C. 4511.202, although worded differently, are analogous. There is no conflict as to the purpose of either statute. They were each designed to have the same force and effect with regard to traffic safety. Thus, since there is no conflict between the statute and the ordinance, the state and municipal laws may be used concurrently to enforce traffic safety.

Appellant's second assignment of error is overruled.

## "III

"It was plain error to find defendant guilty of operating a motor vehicle without giving his full time and attention to the operation of such vehicle in violation of Cleveland Codified Ordinances Section 431.34(c) because Ordinance 431.34(c) is vague and therefore violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution."

" 'The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that the language of a criminal statute must be sufficiently definite "to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." ' " *Pepper Pike v. Felder* (1989), 51 Ohio App.3d 143, 144, 555 N.E.2d 333, 335, quoting *State v. Earlenbaugh* (1985), 18 Ohio St.3d 19, 21, 18 OBR 16, 17, 479 N.E.2d 846, 848, 52 A.L.R.4th 1153, 1157.

■ The essence of the vagueness doctrine is notice. An ordinance must be sufficiently clear in defining the activity proscribed so that it informs those who are subject to it what conduct on their part will render them liable to its penalties. *Singer v. Cincinnati* (1990), 57 Ohio App.3d 1, 566 N.E.2d 190, citing *Columbus v. Thompson* (1971), 25 Ohio St.2d 26, 54 O.O.2d 162, 266 N.E.2d 571, and *State v. Artis* (1989), 46 Ohio App.3d 25, 545 N.E.2d 925. A law which forbids the doing of an act in terms so vague that people of ordinary intelligence must guess at its meaning violates that person's right to due process of law. *Singer, supra,* citing *S. Euclid v. Richardson* (1990), 49 Ohio St.3d 147, 551 N.E.2d 606.

■ In this case, appellant claims that C.C.O. 431.34 is vague and not presented in understandable terms. Furthermore, he argues that the ordinance does not provide notice as to what conduct actually violates the statute. Appellant's contentions are not well taken.

The municipal ordinance conveys to the average person, in sufficiently clear language, that which is prohibited by law. It further puts drivers on notice of the need to pay full attention and be in control of their vehicles. Thus, the Cleveland ordinance satisfies the standard for the Due Process Clause of the Fourteenth Amendment. Appellant's third assignment of error is overruled.

*Judgment affirmed.*

DYKE, Chief Justice, and JAMES D. SWEENEY, J., concur.

JOHN F. CORRIGAN, J., dissents.

JOHN F. CORRIGAN, Judge, dissenting.

I find the "full time and attention" provision of Cleveland Codified Ordinance 431.34 to conflict with R.C. 4511.202, and I respectfully dissent.

Municipalities have authority to exercise all powers of local self-government, except that with respect to police power and sanitary matters, municipal powers are limited to such regulations as are not in conflict with the general laws of the state. *Ohio Assn. of Pub. School Emp., Chapter No. 471 v. Twinsburg* (1988), 36 Ohio St.3d 180, 182, 522 N.E.2d 532, 534. Thus, municipalities are not permitted to adopt traffic regulations in conflict with Ohio general statutes. Ohio Constitution, Section 3, Article XVIII; *Schwartz v. Badila* (1938), 133 Ohio St. 441, 443–444, 11 O.O. 144, 145, 14 N.E.2d 609, 610–611.

C.C.O. 431.34 provides:

"Failure to control; Weaving; Full Time and Attention

"(a) No person shall operate a motor vehicle or motorcycle upon any street or highway without exercising reasonable and ordinary control over such vehicle.

"(b) No person shall operate a motor vehicle or motorcycle upon any street or highway in a weaving or zigzag course unless such irregular course is necessary for safe operation or in compliance with law.

"(c) No person shall operate a motor vehicle or motorcycle without giving his full time and attention to the operation of such vehicle."

R.C. 4511.202 provides:

"Operation without reasonable control

"No person shall operate a motor vehicle, trackless trolley, or streetcar on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle, trolley, or streetcar."

This statute has been construed to require a showing that the driver failed to exercise the same degree of care as would a reasonably prudent person under similar circumstances. *State v. Cichon* (1980), 61 Ohio St.2d 181, 15 O.O.3d 209, 399 N.E.2d 1259, syllabus.

In several instances, this court has considered a "full time and attention" ordinance. In each instance, the defendant cited for violating such ordinances had been involved in a motor vehicle collision. See *Cleveland v. Truchanowicz* (Mar. 19, 1981), Cuyahoga App. No. 42141, unreported; *Seven Hills v. Gossick* (Nov. 15, 1984), Cuyahoga App. No. 48088, unreported, 1984 WL 3582; *Warrensville Hts. v. Milliken* (Nov. 20, 1986), Cuyahoga App. No. 51309, unreported, 1986 WL 13343.

In this instance, defendant was not involved in a collision and at no time lost control of his vehicle, yet was cited under the "full time and attention" portion of C.C.O. 431.34. These facts clearly demonstrate that under the circumstances presented, C.C.O. 431.34 is in conflict with R.C. 4511.202. Moreover, this instance, where there is a "full time and attention" conviction in the absence of any demonstrated failure to exercise reasonable control, is tantamount to convicting defendant on the basis of his thoughts and intentions, rather than his actual conduct.

The reality of life is that there are dedicated bad drivers who devote their full time and attention to tailgating, speeding, weaving, etc. They are not, however, exercising reasonable control as mandated by R.C. 4511.202. They, therefore, should be charged under the statute and/or with the specific violation committed.