JOURNAL ENTRY AND OPINION
Defendant-appellant Russell A. Komaromy (d.o.b. December 15, 1951) appeals from his bench trial conviction of operating his motor vehicle without giving full time and attention to such operation, in violation of Lakewood Municipal Code 331.34(c).[1] For the reasons adduced below, we affirm.
A review of the record on appeal indicates that the date and time of the offense was February 14, 2001 at approximately 3:00 p.m. Appellant had driven to McKinley Elementary School in Lakewood, Ohio, to pick up his son at the end of the school day. Appellant parallel parked on West Clifton Boulevard next to the school, parking directly behind a Plymouth Voyager minivan operated by Rebecca Foye (Foye) who was there to pick up her child.
Foye testified that appellant's vehicle nudged, or bumped, her car a couple of times as appellant was in the process of parking his car. The street area was pretty packed and there was a great deal of activity at the time with people waiting to pick up their children. Tr. 20. When the children were released from school, Foye exited her car, closed her door, and stood in the street beside the driver's side rear passenger door or the driver's door, facing her car, looking for her student son. Tr. 8, 21, 28. She was wearing tennis shoes and jeans and had a height of five-feet-nine-inches. Tr. 21. She did not observe any of appellant's actions while he was inside his car because her attention was on the school. Tr. 27. Within a few minutes her right leg at knee level was struck by the right front bumper of appellant's vehicle. Tr. 23-24. She fell to the ground. Appellant stopped his car. Her twelve-year-old son, who had been inside the minivan waiting with his mother for his sibling to get out of school, exited the minivan and came to her aid. Another man, Mr. Wintermyer, also came to her assistance. She then got up and walked over to the tree lawn adjacent to the parked cars to decide what to do next. Appellant then approached on foot and gave her his license plate information. Tr. 11. She then went home, accompanied by her two children. Later, she filed a police report and sought medical care for minor injuries (broken finger, ankle sprain and scraped knee). Tr. 13.
The prosecution next called Mr. George Wintermyer, a sixty-six-year-old Lakewood resident, to testify. This witness was at the scene of the accident and parked his car as he waited to pick up his grandson from school. While exiting the school with his grandson, and just after he had placed his grandson into his car, the witness heard the victim scream. He quickly turned around and observed the victim, approximately ten feet from him, falling in the vicinity of the front of her car on the driver's side. Tr. 31-32. He went to assist the victim, she got up, and they went over to the adjacent tree lawn. The appellant then came over to that area and asked if the victim was okay. Tr. 33. The appellant seemed to be irritated that this accident had occurred and was in a hurry to leave. Tr. 42-43. The witness made a written statement to the police subsequent to the accident. Tr. 35. The witness did not observe the appellant's car strike the victim. Tr. 37, 39.
The next witness for the prosecution was Lakewood Police Officer Brian Berardi, who was tasked with investigating the incident. During his investigation the witness interviewed the victim, Mr. Wintermyer, and the appellant. Several days after the accident the appellant left the witness a note at the police station, see City Exhibit A[2], in which the writer stated that he was pulling out of his parking space when a woman, who had been standing by the side of a van, screamed. The writer then claimed that he stopped, offered the woman assistance, but that she did not ask for medical help. Based on the officer's investigation, he caused the appellant to be charged with the offense at issue.
The City then rested its case. The defense then moved for acquittal pursuant to Crim.R. 29, which motion was denied by the court.
The appellant testified on his own behalf. He admitted that he was picking up his son from school at the time of the accident and that he had parallel parked, in a tight space, behind the victim's minivan. With his son in the car, appellant pulled out of his parking space. He observed the victim, who seemed upset, standing outside the van, walking towards the back of the van. Tr. 82. As he pulled forward and past her van, the victim started screaming. Tr. 80-81. He then stopped his car. He claimed that he was paying attention when he pulled out of the parking space. Tr. 81-82, 89. The victim declined medical attention according to the appellant. Appellant also admitted that he brought the written statement to the police station a few days after the event.
On cross-examination, appellant asserted that he was paying full time and attention to his driving when he was convicted of a speeding offense in Rocky River Municipal Court, but that he was not aware of what the speed limit was at the time. Tr. 98-99. He admitted to speeding on that earlier occasion and to having paid the speeding ticket. Tr. 99. He denied hitting the victim with the front fender of his car, and claimed that she was out of his field of vision. Tr. 104.
On re-direct examination, appellant testified that the speeding ticket was given on Ohio Interstate 90 and that he was aware of the other cars on the freeway during the offense. He reiterated that the victim was standing next to her van. Tr. 110.
At that point the defense rested and offered its exhibits into evidence. The defense did not renew its motion for acquittal. The parties then made their closing arguments. Tr. 123-128. The trial court then found appellant guilty. Tr. 128-130. Without comment by the appellant, the trial court proceeded to pronounce sentence; a $75 fine plus court costs.
 Appellant presents seven assignments of error for review. The first assignment of error provides:
 THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THERE WAS NO TESTIMONY FROM ANY WITNESS THAT APPELLANT FAILED TO PAY FULL TIME AND ATTENTION TO HIS DRIVING.
The standard of review for an assignment asserting manifest weight of the evidence was recently stated by this appellate court, as follows:
 In State v. Nields (2001), 93 Ohio St.3d 6, 752 N.E.2d 859, the court held that, as to the manifest weight of the evidence, the issue is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt." State v. Getsy (1998), 84 Ohio St.3d 180, 193-194, 702 N.E.2d 866, citing State v. Eley (1978), 56 Ohio St.2d 169, 10 Ohio Op.3d 340, 383 N.E.2d 132, syllabus. In Thompkins, supra, the Court illuminated its test for manifest weight of the evidence by citing to Black's Law Dictionary (6 Ed. 1990) at 1594:
 Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."
 Thus, as the concurring opinion noted, when deciding whether a conviction is against the manifest weight of the evidence, an appellate court determines whether the state has appropriately carried its burden of persuasion. The only special deference given in a manifest weight review attaches to the conclusion reached by the trier of fact. Thompkins, (Cook, J., concurring) citing to State v. DeHass (1967), 10 Ohio St.2d 230, 39 Ohio Op.2d 366, 227 N.E.2d 212.
State v. Jackson, Cuyahoga App. No. 80051, 2002-Ohio-2746, at ¶ 46-48, 2002 Ohio App. LEXIS 2626 at 14-15; also, see, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541.
In the present appeal, appellant argues that the weight of the evidence does not support the conviction because there was no evidence produced by the prosecution detailing precisely how appellant failed to pay full time and attention to his driving during the accident. Appellant believes that the impact with the victim, in isolation, is insufficient to demonstrate beyond a reasonable doubt that he was not exhibiting full time and attention to the operation of his motor vehicle at the moment of the impact.
Appellant cites to three cases in support of his argument that there must be some evidence indicating which of his driving actions caused him to not give his full time and attention to his driving.
First, appellant points to City of Warrensville Heights v. Milliken (Nov. 20, 1986), Cuyahoga App. No. 51309, 1986 Ohio App. LEXIS 9165. In Milliken, the offender was convicted of failing to control her vehicle, not failing to give full time and attention, which required a specific showing under an element of the offense that the driver failed to exercise the same degree of care as would a reasonably prudent person under similar circumstances. See, State v. Cichon (1980),61 Ohio St.2d 181. The offender in Milliken argued that this element was not demonstrated at trial because the investigating officer, the only witness for the prosecution, did not have personal knowledge of the offender's driving. This court determined that the prosecution did demonstrate the required element through the physical evidence and witness statements gathered by the investigating officer, which belied the offender's testimony that she was acting as a reasonably prudent person at the time of the accident therein.
Second, appellant cites to another failure to control, case, State v. Roberson (Oct. 28, 1996), Stark App. No. 1996CA00001, 1986 Ohio App. LEXIS 6080. There, the conviction was affirmed on the strength of eyewitness testimony which demonstrated that the offender did not exercise reasonable and ordinary control over his vehicle when he caused the accident by, in an exhibition of recklessness, driving his vehicle over the center line, forcing one of the eyewitness's vehicles into another vehicle.
Finally, appellant cites to City of Cleveland v. Isaacs (Cuyahoga, 1993), 91 Ohio App.3d 360, 632 N.E.2d 928, which involved a violation of Cleveland's full time and attention ordinance, which ordinance is identical to the Lakewood ordinance in issue. In Isaacs, the offender, while using a cellular telephone while driving, mistakenly began to exit the freeway. When he realized his mistake, he weaved to re-enter the freeway while still operating his cellular telephone. The arresting officer observed this driving behavior and testified to same at the trial. This court affirmed the conviction in Isaacs.
The common theme in these three cited cases is that the offender's driving behavior was demonstrated through direct or circumstantial evidence, which was, in turn, gathered through first or secondhand observation. In the present case, the appellant admitted to operating his vehicle as he pulled out of his parallel parking spot and proceeded to pass the victim's van. Appellant admitted at trial that the victim was standing beside her van; whether she was near her driver's door, the rear passenger door, or walking toward the rear of the van is a matter of some dispute, but the fact remains that she was next to her vehicle in the street and was not obstructed from view. Furthermore, the evidence indicates beyond a reasonable doubt that the victim was struck by appellant's vehicle as it proceeded past the victim's location. There is no indication that appellant purposely struck the victim with his car. The only reasonable explanation for the victim being struck is that appellant was not paying adequate attention to his driving, otherwise, he would have observed the victim and avoided contact with her person. We conclude that the manifest weight of the evidence supports the conviction herein. The first assignment of error is overruled. The second assignment of error provides:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DEMONSTRATING BIAS TOWARD APPELLANT IN RESPONSE TO APPELLANT'S TESTIMONY IN VIOLATION OF REVISED CODE 2901.05(A).
In this assignment, appellant argues that the trial court's comment on the appellant's written statement to the police demonstrated bias by the court to the extent that it vitiated his presumption of innocence and the prosecution's burden of proving guilt beyond a reasonable doubt pursuant to R.C. 2901.05(A).
The particular comment in question, which was uttered during the announcement of the verdict by the court, is in the following context:
* * *
 And based on the circumstantial evidence this Court finds that there is sufficient evidence to find beyond a reasonable doubt that your client was not paying full time and attention. And, again, his own self-serving statement alone is not sufficient to do that. (Tr. 129.)
Appellant's sole concern with this statement is in the last sentence, where the court described appellant's written police statement as self-serving.
First, there was no objection to this characterization by the court. Without a timely objection, ordinary error is waived. State v. Williams,74 Ohio St.3d 569, 581, 1996-Ohio-91, 660 N.E.2d 724.
Second, assuming an objection had been raised, we see no error. The description of the appellant's hand-written statement as self-serving is accurate since the statement sought to serve the purposes of the writer. This description, by itself, casts no aspersions on the quality of that evidence and did not alter the prosecution's burden of proof.
The second assignment of error is overruled. The third assignment of error provides:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY PERMITTING THE PROSECUTOR TO IMPEACH APPELLANT BY INTRODUCING EVIDENCE THAT APPELLANT HAD BEEN CONVICTED OF A TRAFFIC OFFENSE.
The evidence of appellant's Rocky River conviction for speeding was brought forth during the cross-examination of the appellant by the prosecution. Appellant claims that this speeding conviction was used to impeach the credibility of the appellant and rebut the appellant's direct examination testimony that he was a careful driver; a use which is, according to appellant, prohibited pursuant to Evid.R. 609(A) because the prior traffic offense was not evidence of a felony or a crime involving truthfulness.
In Brock v. Estremera (Aug. 25, 1988), Cuyahoga App. No. 54149, 1988 Ohio App. LEXIS 3487, this appellate court determined that a prior traffic offense was inadmissable to impeach the offender's testimony that he was a careful driver, but concluded that the error was harmless in light of the evidence of negligence. In the present case, based on Brock, the court erred in permitting the impeachment of the appellant using his prior traffic offense. However, we conclude that the error herein was harmless given the remaining evidence of guilt.
The third assignment of error is overruled. The fourth assignment of error provides:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING TO THE DEFENDANT THE OPPORTUNITY UNDER OHIO R.CRIM.P. (sic) 16(B)(1)(g) TO CROSS-EXAMINE REBECCA FOYE CONCERNING MATERIAL INCONSISTENCIES IN HER TESTIMONY.
In this assignment, appellant argues that he should have been permitted to cross-examine the victim concerning alleged inconsistencies from her in-court testimony, which inconsistencies were said to be contained within her unsigned statement to the police, which statement was used in the preparation of the police report.
Crim.R. 16(B)(1)(g) permits the trial court to conduct an in-camera inspection of a witness' statement at the close of the witness' direct examination at trial. However, in order to conduct such an inspection, the defense must make a motion for the inspection to be performed. Id. In the present case, and putting aside the fact that there was no victim's statement signed by her, merely statements attributed to the victim by the investigating officer in his summary of the accident, the record does not reflect that the defense made a motion at the close of the victim's direct examination concerning an in-camera inspection of the victim's out-of-court statement. Lacking this required motion, the trial court did not err in failing to conduct the in-camera inspection. Likewise, lacking the predicate step of an in-camera inspection of the victim's statement and a demonstration of those inconsistencies, the trial court did not err in precluding the defense from later attempting to cross-examine the victim on the putative inconsistencies contained in her out-of-court statement to the police.
 The fourth assignment of error is overruled. The fifth assignment of error provides:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN APPELLANT WAS PREVENTED FROM OFFERING THE POLICE REPORT INTO EVIDENCE IN VIOLATION OF EVIDENCE RULE 803(8).
After the parties had rested, the defense offered into evidence the initial police report and the supplemental report, both prepared by Officer Berardi. The City objected to their admission into evidence, arguing that the best evidence concerning the police investigation of the accident came from the testimony of Officer Berardi, that the report(s) would be cumulative evidence. Tr. 115-116. The court denied their admission, but permitted the reports to be proffered for the record. Tr. 116. Appellant concedes that his attempt to admit these police reports at the end of the case was to demonstrate alleged inconsistencies in the victim's out-of-court statements to the police. See appellant's brief at 14.
The admission of evidence is within the sound discretion of the trial court. State v. Kinley, 72 Ohio St.3d 491, 497, 1995-Ohio-279,651 N.E.2d 419. That decision may not be overturned by a reviewing court absent a showing of an abuse of that discretion. Peters v. Ohio State Lottery Comm. (1992), 63 Ohio St.3d 296, 299, 587 N.E.2d 290.
Considering the fact that there was divergent testimony on the actions of the victim and her position in the vicinity of her vehicle at the moment of impact, and that appellant placed the victim beside her van when he pulled out into traffic, the information contained in the police report would have added little to the court resolving this divergency. In effect, it would have been cumulative evidence to the conflicting testimony already offered by the parties. Cumulative evidence may be excluded within the discretion of the trial court. Evid.R. 403(B). Given the evidence produced by the parties, any error in the exclusion of this cumulative evidence was harmless.
The fifth assignment of error is overruled.
The sixth assignment of error provides:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S RULE 29 MOTION FOR ACQUITTAL WHEN THE EVIDENCE DEMONSTRATED THAT THE TICKET FAILED TO COMPLY WITH THE PROVISIONS OF TRAFFIC RULE 3.
This assignment is resolved by the recent case of State v. McAlphine (Jan. 24, 2002), Cuyahoga App. No. 79216, 2002 Ohio App. LEXIS 198 at 27, wherein this court addressed a factually similar argument, stating:
 The record indicates that the defense made a motion for acquittal pursuant to Crim.R. 29 at the close of the state's case-in-chief. This motion for acquittal was not renewed at the close of all the evidence. A defendant waives any assertion of error if the defendant fails to renew the Crim.R. 29 motion after presenting evidence in his defense. State v. Metz (Jul. 6, 2000), Cuyahoga App. No. 76298, unreported, 2000 Ohio App. LEXIS 3019 at 5, citing State v. Miley (1996), 114 Ohio App.3d 738, 684 N.E.2d 102. Because appellant did not renew his Crim.R. 29(A) motion at the close of all evidence, he has waived any error in the denial of the motion.
In the present case, the defense made a motion for acquittal at the close of the City's case, but failed to renew this motion at the close of the defense case. This failure to renew the motion for acquittal waives any error in the denial of the motion.
McAlphine, supra.
The sixth assignment of error is overruled. The seventh, and final, assignment of error provides:
 IT WAS ERROR TO CHARGE APPELLANT UNDER SECTION 331.34(c) OF THE CODIFIED ORDINANCES OF LAKEWOOD WHEN THAT SECTION IS UNCONSTITUTIONALLY VAGUE.
Appellant argues that the ordinance in question violates the Due Process Clause of the Fourteenth Amendment because it is unduly vague and not presented in sufficiently clear language.
An identically worded ordinance, Cleveland Codified Ordinance 431.34(c), was challenged as vague and violative of due process in City of Cleveland v. Isaacs, supra, and declared to be constitutional under the Fourteenth Amendment. We hereby extend that determination to the Lakewood Municipal Code 331.34(c). The seventh assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES SWEENEY, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] Lakewood Municipal Code 331.34(c) provides: No person shall operate a motor vehicle or motorcycle without giving his full time and attention to the operation of such vehicle.
[2] This exhibit was entered into evidence without objection by the defense. Tr. 64.