[Cite as *Cleveland v. Ismail*, 2014-Ohio-1080.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100179**

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# THERESA ISMAIL

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED; VACATED; REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2013 TRD 030721

**BEFORE:** Rocco, J., Boyle, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 20, 2014

**ATTORNEY FOR APPELLANT**

Neil W. Siegel
24400 Chagrin Blvd. #300
Beachwood, Ohio   44122

**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law
City of Cleveland
Victor R. Perez
Chief Prosecutor
By:   Gina M. Villa
Assistant City Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Theresa Ismail appeals from her conviction for operating a motor vehicle without giving her full time and attention to the operation of her vehicle in violation of Cleveland Codified Ordinances ("CCO") 431.34(c), a minor misdemeanor, based on her alleged use of a cell phone while driving. She contends that her conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. Because there was no evidence that Ismail failed to reasonably control her vehicle as a result of her cell phone use, we find that the evidence was insufficient to support her conviction. Accordingly, we reverse the trial court's judgment and remand the case to the trial court with instructions to vacate her conviction.

{¶2} Ismail was convicted following a bench trial. Two witnesses testified — Ismail and the Cleveland police officer who issued the citation to her, Officer Myers. Officer Myers testified that on May 19, 2013, he was assigned to routine patrol. At approximately 5:30 p.m., he was in his police vehicle, stopped at a red light on the corner of Payne Road and East 55th Street in Cleveland, when he observed Ismail in her taxi cab driving south on East 55th Street. Officer Myers testified that, as the first car stopped at the stop light, he had an unobstructed view of Ismail and observed her "plain as day," holding up her cell phone and texting or dialing as her vehicle crossed the intersection. Officer Myers testified that he observed Ismail texting or dialing on her cell phone for "[j]ust a few seconds," but that he had "no doubt" that she was either texting or dialing

while driving. Officer Myers then stopped Ismail's vehicle and told Ismail to "put away her phone," originally intending only to give her a warning. Myers testified that, in response, Ismail "screamed" at him that she had not been on her phone. Myers then wrote her a ticket for the violation.

{¶3} Ismail testified in her defense. Ismail denied texting while driving and stated that the steering wheel was the only thing in her hands as she drove down East 55th Street. Ismail testified that she had "possibly five" electronic devices with her in her vehicle that day, but that all of her electronic devices were mounted and voice-activated. Ismail further testified that she doesn't make cell phone calls when driving because she needs to use her glasses to operate her cell phone and drives better without her glasses. Although Ismail claimed that she was "a very professional driver" and had no driving record, on cross-examination, the city confronted Ismail with evidence of several prior convictions for traffic offenses. At the conclusion of the bench trial, the trial court found Ismail guilty of violating CCO 431.34(c) and sentenced her to a $150 fine and court costs.

{¶4} Ismail appealed her conviction. She presents the following two assignments of error:

> I. The trial court's finding that the appellant was guilty of violating Cleveland Codified Ordinances Section 431.34(c) by failing to give her full time and attention to the operation of her vehicle was against the manifest weight of the evidence.
>
> II. The trial court's finding that the appellant was guilty of violating Cleveland Codified Ordinances Section 431.34(c) by failing to give

her full time and attention to the operation of her vehicle was not supported by sufficient evidence.

**{¶5}** We address Ismail's second assignment of error first. In her second assignment of error, Ismail contends that her conviction was not supported by sufficient evidence because there was no evidence that (1) she was speeding, weaving, or otherwise driving unsafely while allegedly using her cell phone or (2) her alleged cell phone use was distracting Ismail from devoting her full time and attention to her driving.

**{¶6}** When reviewing the record on a sufficiency-of-the-evidence challenge, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. The appellate court does not assess whether the city's evidence is to be believed, but whether, if believed, the evidence admitted at trial supported the conviction. *State v. Starks*, 8th Dist. Cuyahoga No. 91682, 2009-Ohio-3375, ¶ 25, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *Jenks* at paragraph two of the syllabus.

**{¶7}** Ismail was convicted of violating CCO 431.34(c). CCO 431.34 is titled, "Failure to Control; Weaving; Full Time and Attention." CCO 431.34(c) provides, in relevant part: "No person shall operate a motor vehicle * * * without giving his or her full time and attention to the operation of such vehicle."

**{¶8}** Black's Law Dictionary defines "full," in relevant part, as: "Abundantly provided; sufficient in quantity or degree; complete, entire, and detailed. * * * Ample, perfect, mature, not wanting in any essential quality." *Black's Law Dictionary* 672 (6th Ed.1990). "Attention" is defined as "[c]onsideration with a view to action; notice; attentiveness." *Id.* at 127.

**{¶9}** In *Cleveland v. English*, 8th Dist. Cuyahoga No. 92591, 2009-Ohio-5011, this court held that CCO 431.34(c) "is a 'specific instance of failure to control' a vehicle." *Id.* at ¶ 15, citing *Seven Hills v. Gossick*, 8th Dist. Cuyahoga No. 48088, 1984 WL 3582 (Nov. 15, 1984). As we further explained: "'It is the reckless manner in which the driver operates his vehicle that establishes a violation of this offense * * * .'" *English* at ¶ 16, quoting *State v. Roberson,* 5th Dist. Stark No. 1996CA00001, 1996 Ohio App. LEXIS 6080, *3 (Oct. 28, 1996). "The 'ordinary standard of negligence' provides 'the requisite proof of culpability within * * * [the] ordinance.'" *English* at ¶ 16, quoting *State v. Lett*, 5th Dist. Ashland No. 02COA049, 2003-Ohio-3366, ¶ 12.

**{¶10}** In *Cleveland v. Isaacs*, 91 Ohio App.3d 360, 364, 632 N.E.2d 928 (8th Dist.1993), we held that CCO 431.34(c) is "analogous" to R.C. 4511.202, which precludes operation of a motor vehicle "without being in reasonable control" of the vehicle, expressly rejecting the defendant's argument that "full time and attention is a more stringent standard than reasonable control."

**{¶11}** A violation of CCO 431.34(c) "may be established by proof that the offender's 'driving behavior' was either erratic or posed a danger to persons or property."

*English* at ¶ 15, citing *Isaacs*, *supra*, and *Lakewood v. Komaromy*, 8th Dist. Cuyahoga No. 80258, 2002-Ohio-4076, ¶ 18-23.  Direct or circumstantial evidence "gathered through first or secondhand observation" may be used to demonstrate that an offender's "'full time and attention was not directed at his [or her] driving."  *English* at ¶ 17, citing *Komaromy*, *supra*.

{¶12}  Ismail argues that failure to give full time and attention "cannot be presumed by mere cell phone use" but must, instead, be proven by some evidence that the driver's cell phone use was distracting the driver from driving safely.   This case, however, did not involve a defendant who was simply *talking* on her cell phone while driving.  *Compare English, supra.*   In this case, Officer Myers testified that he clearly saw Ismail (1) holding up her cell phone and (2) either *dialing or texting* on her cell phone for a few seconds as she drove her taxi through the intersection — actions that necessarily require a driver to turn her eyes away from the road and take at least one hand off the steering while driving.   There was, however, no evidence that Ismail's conduct had any adverse effect on her driving.   There was no evidence Ismail was speeding, weaving, crossing lanes, or otherwise giving insufficient attention to the operation of her vehicle.   There are a myriad of things a driver may do that may result in the driver briefly turning his or her eyes away from the road or taking a hand off the steering wheel while driving; however, such conduct does not necessarily result in the driver failing to give sufficient attention to the operation of the vehicle.   For example, a driver may check the speedometer, adjust the vehicle's mirrors, adjust the temperature, change the

radio station, check on or chat with a passenger, or take a drink from a cup of coffee. All of these actions require the driver to briefly take a hand off the steering wheel and/or momentarily look away from the road. However, they do not, in and of themselves, result in a loss of reasonable control over the vehicle. This case is no different. While we believe that using a cell phone or texting while driving is an inherently risky, and, in most circumstances, a very unsafe, practice,[1] we do not believe dialing or texting on a cell phone for "[j]ust a few seconds" in of itself constitutes a violation of CCO 431.34(c). To constitute a violation of CCO 431.34(c), there must be some evidence that the driver's cell phone use had a negative impact on the driver's operation of the vehicle, i.e., that the driver, as a result, gave insufficient attention to the operation of the vehicle and drove the vehicle in an unreasonable, unsafe manner.

{¶13} Because there was no evidence Ismail failed to reasonably control her vehicle as a result of her cell phone use, we find there was insufficient evidence to support Ismail's conviction under CCO 431.34(c). *See English, supra; Isaacs, supra.* Ismail's second assignment of error is sustained.

{¶14} Based on our resolution of Ismail's second assignment of error, her first assignment of error is moot.

{¶15} Judgment reversed. We remand this case to the trial court with instructions to vacate the conviction.

---

[1]It is for this reason many communities have imposed specific bans on the use of cell phones or other handheld electronic devices while driving.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, A.J., and
SEAN C. GALLAGHER, J., CONCUR